UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



DONNELL JEFFERSON,

      Plaintiff,

v.                                                Civil Action No.: 4:08cv40

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## OPINION AND ORDER

Plaintiff brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated August 23, 2008, this matter was referred to a United States Magistrate Judge for a Report and Recommendation.

The Report and Recommendation of the Magistrate Judge ("R&R"), filed on May 1, 2009, finds that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled is not fully supported by substantial evidence. Doc. 21. Specifically, the Magistrate Judge finds that the ALJ's determination was not fully supported by substantial evidence because the ALJ: (1) failed to have a vocational expert present to testify; (2) failed to discuss the alleged side effects in the decision; (3) ignored evidence that Plaintiff's physician observed limitations on Plaintiff's ability to sit; (4) arbitrarily weighed an early diagnosis over several consistent diagnoses later in time; (5) ignored the abundant evidence of prescription paid medication and narcotics; and (6) improperly

relied on Plaintiff's justified refusal of surgery on his right knee. See id. at 10-21.

Accordingly, the Magistrate Judge recommended that the ALJ's finding regarding Plaintiff's credibility be vacated and remanded. Id. at 21. Specifically, the Magistrate Judge recommended that the fact-finder must: (1) determine whether the side effects from the medication, considered in conjunction with the knee pain, affect Plaintiff's RFC to work; (2) involve a vocational expert in a manner consistent with Section B of the R&R; (3) reevaluate the weight attributed to the physicians' opinions pursuant to Section C of the R&R; and (4) reevaluate Plaintiff's credibility regarding the nature and intensity of his symptoms pursuant to Section D of the R&R. Id.

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within ten (10) days from the date the R&R was mailed, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. The time for filing written objections has now passed, and neither party has filed objections. As indicated in the R&R, "failure to file timely objections to the findings and recommendations set forth [in the R&R] will result in a waiver of the right to appeal from a judgment of this court based on such findings and recommendations." Id. at 22.

This Court has reviewed the R&R of the Magistrate Judge and hereby adopts and approves in full the findings and recommendations set forth therein. Accordingly, it is hereby **ORDERED** that the final decision of the Commissioner be **VACATED** and **REMANDED** for further administrative proceedings consistent with the R&R.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/
_____
Henry Coke Morgan, Jr.
Senior United States District Judge

_____
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 26, 2009